J-A28043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRANDON NATHANIEL N. MOODY | : | |
| | : | |
| Appellant | : | No. 2485 EDA 2021 |

Appeal from the PCRA Order Entered October 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006659-2007

BEFORE:  PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED FEBRUARY 27, 2023**

Brandon Nathaniel N. Moody ("Moody") appeals *pro se* from the order dismissing as untimely his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. In 2006, when Moody was eighteen years and nine months old, he shot and killed Israel Rivera.  A jury found Moody guilty of first-degree murder and related offenses, and the trial court sentenced him to a mandatory prison sentence of life without parole for murder and concurrent sentences for the other crimes.  This Court affirmed Moody's convictions, and our Supreme Court denied allowance of appeal on November 14, 2011.  *See* ***Commonwealth v. Moody***, 24 A.3d 449 (Pa. Super.) (unpublished memorandum), *appeal denied*, 34 A.3d 828 (Pa. 2011).  Moody timely filed a

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

first PCRA petition in 2012, and the court appointed counsel ("PCRA counsel"), who filed a no-merit letter and a petition to withdraw from representation.[2] Lengthy proceedings ensued, during which Moody filed *pro se* responses to counsel's no-merit letter and sought leave to file amended petitions, and asserted PCRA counsel's ineffectiveness for filing a no-merit letter. The PCRA court issued a Rule 907 notice, and Moody filed a *pro se* response again seeking leave to amend his petition and, in relevant part, asserting a new claim that the mandatory imposition of a life without parole sentence was unconstitutional because **Miller v. Alabama**, 567 U.S. 460 (2012),[3] should be extended to offenders over the age of eighteen. **See** *Pro Se* Response to Intent to Dismiss First PCRA Amended Petition, 6/3/15, at 14-15 (referencing studies cited in **Miller** indicating that adolescence did not end until the age of twenty). The PCRA court ordered PCRA counsel to respond to Moody's *pro se* filings, and PCRA counsel filed a supplemental no-merit letter. In June 2018, the PCRA court denied relief without a hearing and permitted PCRA counsel to withdraw. Moody took a *pro se* appeal, and this Court affirmed the PCRA

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The U.S. Supreme Court held in **Miller** that a mandatory life without parole sentence constituted a cruel and unusual punishment when imposed on individuals who committed their offense **before** turning eighteen years of age. **See Miller**, 567 U.S. at 465.

court's denial of Moody's first PCRA petition.[4] **See Commonwealth v. Moody**, 221 A.3d 291, 2019 WL 3913232 (Pa. Super. 2019) (unpublished memorandum). Our Supreme Court denied allowance of appeal on March 16, 2020. **See Commonwealth v. Moody**, 221 A.3d 291, 2019 WL 3913232 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 227 A.3d 313 (Pa. 2020).

Moody filed the instant *pro se* PCRA petition, his second, in March 2021, wherein he asserted that the mandatory imposition of his life without parole sentence was unconstitutional. Moody acknowledged that **Miller** did not apply to offenders over eighteen years of age and maintained that he was not attempting to "extend" **Miller**. **See** *Pro Se* PCRA Petition, 3/12/21, at 2. Rather, Moody claimed that he obtained new information that individuals over eighteen years old have similar behaviors, cognitive levels, and brain functions as those under eighteen years old. **See id**. Those facts, he noted, had been discussed by or presented to other courts in **Cruz v. United States**, 11-CV-787 (JCH), 2018 WL 1541898 (D. Conn. Mar. 29, 2018), *vacated and remanded*, 826 Fed.Appx. 49 (2d Cir. 2020), and **People v. Antolin Garcia-Torres**, No. 213515 (Ca. Super. Ct. (Santa Clara Cty. 2012 to 2017)). **See**

---

[4] This Court considered and rejected Moody's argument that PCRA counsel had been ineffective by filing no merit letters to the claims Moody attempted to raise during the litigation of his first PCRA petition. **See Moody**, 2019 WL 3913232, at *7. It is unclear, however, whether Moody pursued an unconstitutional sentencing claim in his appeal. **See id**.

*Pro Se* PCRA Petition, 3/12/21, at 2.[5] He also alleged that prison officials had interfered with the timely presentation of his constitutional claim by confiscating his mail containing documents related to *Cruz* and *Garcia-Torres* and refusing him access to his mail before the PCRA court denied relief on his first PCRA petition. *See id*. at 1-2, 5.[6]

_____

[5] Moody asserted that he learned of this information from a third-party who assisted in researching cases, including *Cruz* and *Garcia-Torres*, and who attempted to mail him documents from those cases. More specifically, Moody identified materials or passages in *Garcia-Torres* and *Cruz* from two scientists, Dr. Erin Bigler ("Dr. Bigler") and Dr. Laurence Steinberg ("Dr. Steinberg"), indicating, in part, that recent studies revealed further insight into the brains and behaviors of adolescents and that it was now accepted that the portions of the brain or an individual's cognitive capacity relating to criminal culpability do not fully mature until people reach their mid-twenties. *See, e.g.*, Declaration of Dr. Erin Bigler, 8/29/17, at 3 (filed in *Garcia-Torres*, No. 213515, and attached to Moody's *pro se* PCRA petition). We add that we have not been able locate a reference to a decision in *Garcia-Torres* in a commercial database; but materials in that case are available at: https://www.scscourt.org /general_info/news_media/garcia-torres.shtml.

[6] Moody also attached to his *pro se* PCRA petition copies of correspondence with and his grievances to the Department of Corrections from May 2018 to June 11, 2018, two days before the PCRA court dismissed his first PCRA petition. The correspondence indicated that prison officials confiscated the mail due to a policy of not allowing inmates to receive legal paperwork that do not belong to the addressee.

Although Moody did not specify when he actually received the information withheld by prison official, he has alleged adequate facts to conclude that he did not receive or discover the information until *after* he appealed the dismissal of his first PCRA petition. *See Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000); *Commonwealth v. Montgomery*, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*) (clarifying that a petitioner may not file a subsequent PCRA petition until an appeal concerning a previous PCRA petition is completed).

In sum, Moody asserted that he discovered more recent scientific studies to challenge the categorical distinction between individuals, like himself, who were just over eighteen years old at the time of their offense and those who were under eighteen years of age. *See generally Roper v. Simmons*, 543 U.S. 551, 572-75 (2005) (adopting a categorical distinction at eighteen years of age and holding that the imposition of the death penalty for "juvenile offenders" who committed an offense when they were under eighteen years of age is unconstitutional); *Graham v. Florida*, 560 U.S. 48, 68, 82 (2010) (holding that sentences of life without parole were unconstitutional for juvenile offenders who did not commit homicide and noting that "developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds"); *Miller*, 567 U.S. at 465, 479-80 (extending the rationale of *Roper* and *Graham* to hold that the mandatory imposition of a sentence of life without parole on those who were under the age of eighteen at the time of the offense was unconstitutional). Moody concluded that he properly alleged newly discovered facts and governmental interference so that the PCRA court had jurisdiction to consider his claims that his sentence constituted a cruel and unusual punishment and denied him equal protection.

The PCRA court issued a Rule 907 notice of intent to dismiss Moody's *pro se* PCRA petition in August 2021 and dismissed the petition on October 21, 2021. Moody timely appealed. The PCRA court did not order a Pa.R.A.P. 1925(b) statement but filed an opinion reasoning that Moody failed to

establish a PCRA time bar exception because court decisions do not constitute new facts. *See* PCRA Court Opinion, 12/22/21, at 3 (citing ***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013), *abrogation recognized in* ***Commonwealth v. Lee***, 206 A.3d 1, 3 n.3 (Pa. Super. 2019) (*en banc*)). The PCRA court further concluded that even if prison officials withheld his mail, Moody could have challenged the constitutionality of his sentence in a post-sentence motion, his direct appeal, or in his first PCRA proceeding. ***See id***.

Moody raises the following issues for our review:

I.      Whether the PCRA [c]ourt erred in dismissing the second/subsequent PCRA petition without first holding a hearing to determine if the facts presented therein, including the supporting documents attached, accepted as true, are sufficient to establish the exceptions to the PCRA's one year time bar for governmental interference and/or after-discovered facts?

II.     Whether the PCRA [c]ourt erred in concluding that the averments of two reputable experts in adolescent brain development, revealed in both a declaration and postconviction hearing testimony, respectively, are not considered facts for the purpose of satisfying the time bar exceptions?

III.    Whether the facts presented by Doctors Bigler and Steinberg, regarding the diminished culpability of late adolescents (over 18), raise a genuine issue that the mandatory life without parole sentence imposed upon [Moody] is unconstitutional, which is cognizable for relief pursuant to 42 Pa.C.S.[A. §] 9543(a)(2)(vii)?

Moody's Brief at 4-5.

Moody's first two issues are related; therefore, we address together his claims that he timely filed the instant PCRA petition. Our standard of review is well-settled:

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

**Lee**, 206 A.3d at 6 (internal citation omitted).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Moody acknowledges that the instant PCRA petition was facially untimely because he did not file it until 2021, more than nine years after his convictions became final. **See** Moody's Brief at 15; **see also** 42 Pa.C.S.A. § 9545(b)(1), (3). Therefore, we consider whether he stated an exception to the PCRA time bar.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

When reviewing claims that a PCRA petition alleged newly discovered facts pursuant under section 9545(b)(1)(ii), a court must pay careful attention to the fact alleged. The relevant fact for section 9545(b)(1)(ii) is not the publication of a scientific report, but the scientific principles contained in the report. *See Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013)

- 8 -

(concluding that information in a scientific report critiquing the reliability of hair comparison analysis did not constitute a new fact), *overruled on other grounds by* **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020) (abrogating the "public records presumption" that information available in a public record could not be deemed unknown to the petitioner). However, sources containing information repudiating previously accepted scientific methods and evidence may set forth new facts. **See Commonwealth v. Chmiel,** 173 A.3d 617, 626 (Pa. 2017) (distinguishing **Edmiston**). A petitioner must establish that he acted with due diligence; the focus is on a "circumstance-dependent analysis of the petitioner's knowledge, not that of the public at large." **See Small**, 238 A.3d at 1283. A petitioner's presentation of a previously known fact through a newly discovered source will not establish a timeliness exception under section 9545(b)(1)(ii). **See Chmiel**, 173 A.3d at 625.

To establish the governmental interference exception, a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008). Interference based on the conditions on a petitioner's incarceration or access to resources requires a showing that the government interference, *i.e.* the restriction on access to prison resources, was illegal. **See Commonwealth**

*v. Bankhead*, 217 A.3d 1245, 1248 (Pa. Super. 2019); *Commonwealth v. Rizvi*, 166 A.3d 344, 348 (Pa. Super. 2017).

Moody claims that he stated a time bar exception under section 9545(b)(1)(ii) because he recently received information about recent scientific studies to challenge the categorical distinction between adult and juvenile offenders at eighteen years of age. *See id*. at 21. Moody further asserts that he stated a time bar exception under section 9545(b)(1)(i) because prison officials had confiscated his mail containing such information and prevented him from challenging the constitutionality of his sentence when litigating his timely first PCRA petition. *See id*. at 15.

The PCRA court, as noted above, did not specifically address Moody's assertions that he discovered new facts, but rather concluded that Moody could not rely on the decisions in *Cruz* and *Garcia-Torres* as new facts and prison officials did not prevent Moody from raising his constitutional claims earlier. The court also concluded that even if it would have addressed the merits of Moody's claims, no relief would be due.

Following our review, we affirm the PCRA court's dismissal of Moody's petition, albeit for different reasons. *See Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2012) (noting that this Court may affirm the PCRA court on any basis). Our review shows that Moody attempted to litigate a similar unconstitutional sentencing claim in relation to his first PCRA petition, although PCRA counsel at the time asserted that his attempt to extend *Miller*

to offenders over eighteen years old was meritless. **See** *Pro Se* Response to Intent to Dismiss First PCRA Amended Petition for PCRA Relief, 6/3/15, at 14-15 (asserting that studies at that time indicated that adolescence did not end until the age of twenty); Counsel's Letter to the PCRA Court, 1/4/16, at 8.[7] Although Moody references Dr. Bigler's and Dr. Steinberg's discussions of more recent studies, those studies constitute new sources of existing facts or scientific principles for the purpose of the PCRA time bar, not new facts or scientific principles.[8] **Cf. Edmiston**, 65 A.3d at 352; **accord Commonwealth v. Howard**, 285 A.3d 652, 669 (Pa. Super. 2022) (holding

_____

[7] We add that Moody arguably failed to plead that his constitutional sentencing claim was not previously litigated or waived by failing to raise the issue in his first PCRA appeal. **See** 42 Pa.C.S.A. § 9544.

[8] We add that by 2019, when this Court affirmed the dismissal of Moody's first PCRA petition, litigants and courts were well aware of the scientific principles and the acceptance of studies that adolescent behavior, cognition, and brain functioning applied equally to those under eighteen and those over eighteen years old. For example, in 2017, nearly one year before the dismissal of Moody's first PCRA petition, and more than two years before this Court affirmed the dismissal of that petition, a trial court in Kentucky summarized many of the scientific principles on which Moody relies and concluded that that state's death penalty was a disproportionate sentence when imposed on offenders younger than twenty-one years of age. **See Commonwealth v. Bredhold**, 2017 WL 8792559, at *3 (Ky. Cir. Ct. 2017). In **Lee**, which was decided five months before our decision in Moody's first PCRA appeal, an *en banc* panel of this Court recognized the "vast expert research" in the area of adolescent behavior and brain functioning and urged "our Supreme Court to review this issue in light of the research available" even since 2017. **See Lee**, 206 A.3d at 11 & n.11. Moody's reliance on **Garcia-Torres** and **Cruz** for information concerning recent studies into adolescence, therefore, also implicates new sources of information rather than new facts.

- 11 -

that a governmental report concerning jury selection in capital cases did not contain new facts satisfying section 9545(b)(1)(ii)).

Furthermore, Moody's arguments based on the governmental interference and the new facts exceptions in section 9545(b)(1)(i) and (ii) rely on his actual discovery of the materials in *Garcia-Torres* and *Cruz*, which prison officials delayed when refusing to forward him filings from other cases. However, Moody has not established that the prison's mail regulations were illegal or unconstitutional interferences by government officials. *See Bankhead*, 217 A.3d at 1248. Critically, the record also lacks any indication that Moody alerted either the first PCRA court or this Court to these cases or his difficulties obtaining the materials despite being aware of the information and mailing issues as early as May 2018. Thus, we conclude that Moody failed to establish due diligence in obtaining the allegedly new information discussed in *Garcia-Torres* and *Cruz* or in overcoming the obstacles presented by the prison mailing system. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); *Abu-Jamal*, 941 A.2d 1263, 1268.

For these reasons, we will not disturb the PCRA court's decision to dismiss Moody's petition as untimely. Moreover, we discern no issues of fact to support Moody's assertion that he was entitled to an evidentiary hearing. *See Commonwealth v. Marshall*, 947 A.2d 714, 723 (Pa. 2008) (rejecting a claim that a PCRA petitioner was entitled to an evidentiary hearing when the PCRA court properly determined it lacked jurisdiction to entertain the petition).

Lastly, because Moody did not invoke a court's jurisdiction pursuant to the PCRA, we will not address the merits of Moody's final issue challenging the constitutionality of his sentence. ***See Albrecht***, 994 A.2d at 1093.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2023